UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| GORGI TALEVSKI, by Next Friend Ivanka Talevski, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CASE NO. 2:19-cv-00013-JTM-APR |
| THE HEALTH AND HOSPITAL CORPORATION OF MARION COUNTY, AMERICAN SENIOR COMMUNITIES, LLC and VALPARAISO CARE AND REHABILITATION, | ) | |
| Defendants. | ) | |

# DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS

Come now Defendants, Health and Hospital Corporation of Marion County d/b/a Valparaiso Care and Rehabilitation ("HHC")[1] and American Senior Communities, LLC ("American Senior"), by counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), and hereby submit their Brief in Support of Motion to Dismiss Plaintiff Gorgi Talevski's ("Talevski") Complaint.

## I. INTRODUCTION AND FACTUAL ALLEGATIONS

In January 2016, Talevski became a full-time patient at HHC's Valparaiso Care and Rehabilitation nursing home facility in Valparaiso, Indiana ("VCR") in order to receive treatment for dementia. [Filing No. 1 at 2-3.] American Senior "is a privately held nursing

[1] Although the Plaintiff incorrectly filed his Complaint against Health and Hospital Corporation of Marion County and Valparaiso Care and Rehabilitation as two separate entities, Valparaiso Care and Rehabilitation is merely an assumed business name under which Health and Hospital Corporation of Marion County does business. Therefore, for the purposes of this Brief, the Defendants will refer to Health and Hospital Corporation of Marion County and Valparaiso Care and Rehabilitation as a single entity using the term "HHC."

home management company" that contracts with HHC to operate VCR. [Filing No. 1 at 2.] After arriving at VCR, Talevski's condition continued to deteriorate to a point where it became difficult to communicate with Talevski and to keep up with his ever-changing medication requirements. [Filing No. 1 at 3-4.] Between November 23, 2016 and December 30, 2016, as Talevski's condition worsened, HHC sent Talevski to Doctors NeuroPsychiatric Hospital in Bremen, Indiana ("NeuroPsych") multiple times for more specialized and intensive treatment. [Filing No. 1 at 4.] December 30, 2016 would be the last date on which Talevski resided at VCR, as Talevski was scheduled to return from NeuroPsych to VCR on January 9, 2017, but HHC and American Senior did not permit Talevski to return to VCR at that time. [Filing No. 1 at 4.]

During the pendency of a Petition for Review of Involuntary Transfer filed by Talevski's family with the Indiana State Department of Health ("ISDH"), Talevski was transferred to another nursing home facility in Bremen, Indiana. [Filing No. 1 at 4-5.] Talevski's family agreed to this "temporary transfer pending the outcome of the ISDH hearing." [Filing No. 1 at 5]. In May 2017, after ISDH issued its filings, American Senior contacted Talevski's family to discuss Talevski's return to VCR, but Talevski's family instead decided to keep Talevski at the Bremen nursing home facility permanently. [Filing No. 1 at 5.]

On January 10, 2019, Talevski filed his Complaint against HHC and American Senior, asserting a single claim under 42 U.S.C. § 1983 ("§ 1983"). [*See generally*, Filing No. 1.] Specifically, Talevski alleged that HHC and American Senior, while both acting under color of state law, deprived him of rights claimed to exist under the Federal Nursing Home Reform Act ("FNHRA") contained within the 1987 Omnibus Budget Reconciliation Act ("OBRA") by failing "to attain or maintain his highest practicable physical, mental, and psychosocial

wellbeing" through their care of him and denying his transfer back to VCR from NeuroPsych. [Filing No. 1 at 6-8.]

However, Talevski is precluded from asserting any such claim against HHC and American Senior. Despite Talevski's assertions to the contrary, the FNHRA does not provide a private right of action to support a § 1983 claim against HHC or American Senior. Talevski's Complaint also is barred by the two-year statute of limitations applied to § 1983 claims raised in Indiana courts. Even if Talevski could state a § 1983 claim pursuant to the FNHRA under the applicable statute of limitations, Talevski would still fail to state a claim for relief against American Senior because American Senior is a private entity and is therefore not subject to liability under § 1983.

## II.
## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint when it "fail[s] to state a claim upon which relief can be granted." A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 n.4 (7th Cir. 2012). Although the court accepts all-well pleaded factual allegations within the complaint as true, *Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011), a complaint must provide the defendant with "fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). "A plaintiff must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Pierson v. Nat'l Inst. for Labor Relations Research*, 319 F. Supp. 3d 1100, 1106 (N.D. Ind. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court cannot "accept as true statements of law or unsupported conclusory factual allegations." *Yeftich*

*v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013) (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). A court will grant a motion to dismiss a complaint if, after striking all conclusory allegations, the factual content in the complaint fails to "state a claim to relief that is plausible on its face." *Yeftich*, 722 F.3d at 915 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible only if its factual allegations allow for a reasonable inference of liability; speculative inferences of liability, or allegations that are merely consistent with liability, are insufficient to survive a Rule 12(b)(6) motion to dismiss. *Id.*

## III.
## ARGUMENT

Talevski's § 1983 claim against HHC and American Senior is barred because FNHRA does not create a private right of action for Talevski and because Talevski's Complaint was filed more than two years after Talevski was last admitted to VCR. Furthermore, even if Talevski satisfied all of the requirements to state a proper § 1983 claim, his claim would still fail against American Senior because it is a private entity and not subject to § 1983. As a result, Talevski's Complaint against HHC and American Senior must be dismissed with prejudice.

### A. The FNHRA does not create a private right of action.

Although Talevski asserts his § 1983 claim against HHC and American Senior is based on the FNHRA, the FNHRA does not create a private right of action allowing recovery under § 1983. Talevski's Complaint specifically asserts that HHC and American Senior are liable to him pursuant to § 1983 because HHC and American Senior failed to "attain or maintain [Talevski's] highest practicable physical, mental, and psychological well-being," as required under the FNHRA. [Filing No. 1 at 6-7.] However, none of the provisions of the FNHRA include any language establishing an enforceable, individual right for which Talevski can recover under § 1983.

To create a private right of action, a "statute must contain 'rights-creating language' that unambiguously create an '*individual* entitlement'" in order to confer an individual right under § 1983. *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't Health*, 699 F.3d 962, 973 (7th Cir. 2012) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002)) (emphasis in original). Because the FNHRA's quality of care provisions do not contain any language necessary to establish an individually enforceable right, the FNHRA does not confer federal rights to support a cause of action under § 1983. *See Terry v. Health and Hosp. Corp. of Marion Cnty.*, No. 1:10-cv-00607-DML-JMS, slip op. at 5- (S.D. Ind. Mar. 29, 2012) (finding that "[t]he FNHRA provisions do not create rights enforceable under section 1983"); *see also*, *Fiers v. La Crosse Cnty.*, 132 F. Supp. 3d 1111, 1119 (W.D. Wis. 2015) ("The court concludes that the FNHRA does not confer federal rights, and accordingly, cannot support a cause of action under section 1983."). Therefore, Talevski cannot sustain his singular § 1983 claim based on violations of the FNHRA.

**B. Talevski's Section 1983 is time barred by the applicable statute of limitations.**

Talevski's Complaint is also barred by the two-year statute of limitations applied to § 1983 claims in Indiana courts. When "a plaintiff 'pleads facts that show his suit is time-barred or otherwise without merit,'" or otherwise is not entitled to a judgment, the plaintiff pleads himself out of court and subjects his Complaint to dismissal with prejudice. *Lovett v. Seniff*, 277 F. Supp. 2d 896, 897 (N.D. Ind. 2003) (quoting *Tregenza v. Great Am. Commc'ns Co.*, 12 F3d 717, 718 (7th Cir. 1993)). "Because there is no federal statute of limitations for § 1983 actions, courts apply the most appropriate state statute of limitations." *Lovett*, 277 F. Supp. 2d at 897. Federal courts thus "must adopt the forum state's statute of limitations for personal injury claims" when adjudicating a § 1983 claim. *Dobbie v. Bremen Police Dep't*, 341 F. Supp. 3d

896, 901 (N.D. Ind. 2018) (quoting *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998)). Indiana employs a two-year statute of limitations for personal injury claims under Ind. Code § 34-11-2-4(a). *See Campbell v. Chappelow*, 95 F.3d 576, 580 (7th Cir. 1996). Therefore, any § 1983 action must be commenced within two years from the time the cause of action accrues or else be subject to dismissal without prejudice.

In this instance, Talevski alleges that HHC and American Senior violated his rights under the FNHRA by mistreating his condition while he was a full-time patient at VCR and by refusing to readmit Talevski to VCR from NeuroPsych on January 9, 2017. [Filing No. 1 at 3-4.] Talevski never returned to VCR for treatment from HHC and American Senior after he was last transferred to NeuroPsych on December 30, 2016; therefore, the last action that could possibly give rise to Talevksi's claims occurred on January 9, 2017 when he was allegedly denied remittance to VCR. [Filing No. 1 at 4-5.] However, Talevski filed his Complaint on January 10, 2019. [*See generally*, Filing No. 1.] Because Talevski failed to file his Complaint against HHC and American Senior within two years after he was treated at VCR or allegedly denied readmission, Talevski's Complaint was filed after the applicable statute of limitations expired and therefore must be dismissed.

**C. American Senior is not a state actor subject to Section 1983.**

Even if the Court finds that the FNHRA creates a private right of action and that Talevski's claim is not time-barred, American Senior still cannot be held liable under § 1983 because it is not a state actor acting under color of state law. To state a claim under § 1983, a plaintiff "must establish ... that the alleged deprivation [of rights] was committed under color of state law." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)). "The under-color-of-state-law element means that

§ 1983 does not permit suits based on private conduct, 'no matter how discriminatory or wrongful.'" *Id.* Under Indiana law, private entities may become agents or instrumentalities of the state and "subject to the laws and statutes affecting governmental agencies and corporations" when such private entities "are endowed by the state with powers or functions governmental in nature." *Harrison v. Veolia Water Indianapolis, LLC*, 929 N.E.2d 247, 251 (Ind. Ct. App. 2010) (quoting *Ayres v. Indian Heights Volunteer Fire Dep't Inc*., 493 N.E.2d 1229, 1235 (Ind. 1986)). In other words, a private entity "that is neither specifically named a political subdivision by statute nor engaged in the provision of uniquely governmental services" is not considered a state actor. *Greater Hammond Cmty. Serv., Inc. v. Mutka*, 735 N.E.2d 780, 784 (Ind. 2000).

American Senior is a private company that contracted with HHC to provide nursing home management services for VCR. [See Filing No. 1 at 2.] No statute specifically names American Senior as a political subdivision serving in its role for HHC. Additionally, the provision of nursing home management services, which is often performed by private businesses, is not a uniquely governmental function. *Contra Harrison*, 929 N.E.2d at 252 (finding that a volunteer fire department provides uniquely governmental functions in controlling, preventing, and fighting fires for the community). As a result, American Senior as a private company providing nursing services to nursing home residents cannot be liable to Talevski under § 1983.

## IV. <u>CONCLUSION</u>

Although Talevski asserts his § 1983 claim against HHC and American Senior based on alleged violations of the FNHRA, the FNHRA does not create an independent, private right of action and therefore cannot support a § 1983 claim. Moreover, Talevski's claim is time barred because he failed to file his Complaint within the applicable two-year statute of limitations for § 1983 claims in Indiana. Even if Talevski could have asserted a private right of action and filed

his Complaint within the statute of limitations, his § 1983 claim against American Senior would still fail because American Senior is a private entity and cannot be considered a state actor for the purposes of § 1983. Therefore, HHC and American Senior respectfully request that this Court dismiss Talevski's Complaint against them, with prejudice.

RILEY BENNETT EGLOFF LLP

Laura K. Binford
Laura K. Binford
Atty. No. 15280-49A
Jaclyn M. Flint
Atty. No. 32589-49
Attorney for Defendants,
The Health and Hospital Corporation of
Marion County d/b/a Valparaiso Care
and Rehabilitation and American Senior
Communities, LLC

RILEY BENNETT EGLOFF LLP
Fourth Floor
141 East Washington Street
Indianapolis, IN 46204
(317) 636-8000
(317) 636-8027 (Fax)
lbinford@rbelaw.com
jflint@rbelaw.com

01672113/1172.261