UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GORGI TALEVSKI, by Next Friend Ivanka Talevski, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 2:19 CV 13 ) |
| HEALTH AND HOSPITAL CORPORATION OF MARION COUNTY, AMERICAN SENIOR COMMUNITIES, LLC, and VALPARAISO CARE AND REHABILITATION, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION and ORDER

**I. BACKGROUND**

In January 2016, plaintiff was a patient at a nursing home facility named as a defendant in this case, Health and Hospital Corporation ("HHC") of Marion County (d/b/a Valparaiso Care and Rehabilitation). HHC was managed by another named defendant, American Senior Communities, LLC.

Plaintiff sued defendants, pursuant to 42 U.S.C § 1983, for violation of his alleged rights under the Federal Nursing Home Reform Act, 42 U.S.C. § 1396r *et seq.* ("FNHRA"). Plaintiff alleges that defendants failed to abide by the statute in numerous respects, including by failing to "attain or maintain [plaintiff's] highest practicable physical, mental, and psychological well-being." (DE # 1 at 6-7.)

Defendants now move to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE # 14). One of the issues raised therein is dispositive: whether the FNHRA provides for a federal private right of action that may be redressed under 42 U.S.C. § 1983. Because the court finds that it does not, defendants' motion to dismiss shall be granted.

## II.  LEGAL STANDARD

A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Reger Dev., LLC v. Nat'l City Bank*, 595 F.3d 759, 763 (7th Cir. 2010). Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III.  DISCUSSION

The question before the court is whether Section 1983 may serve as a vehicle for a private right of action for a violation of the FNHRA. Section 1983 provides a cause of action to enforce individual rights conferred by federal statute (as well as the Constitution). *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 119 (2005). "[T]o seek redress through § 1983, however, a plaintiff must assert the violation of a federal right,

2

not merely a violation of federal law." *Blessing v. Freestone,* 520 U.S. 329, 340 (1997). Under *Blessing*, courts consider three factors when determining whether a federal statute creates and confers a federal right: (1) "Congress must have intended that the provision in question benefit the plaintiff"; (2) the asserted right must not be "so vague and amorphous that its enforcement would strain judicial competence"; and (3) "the provision giving rise to the asserted right must be couched in mandatory, rather than precatory, terms." *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health,* 699 F.3d 962, 972–73 (7th Cir. 2012) (quoting *Blessing,* 520 U.S. at 340–41).

In *Gonzaga University v. Doe,* the Supreme Court clarified the *Blessing* factors, holding that federal statutes must unambiguously create and confer federal rights to support a cause of action under Section 1983. 536 U.S. 273 (2002). Post-*Gonzaga*, the *Blessing* factors "are meant to set the bar high" as "nothing 'short of an unambiguously conferred right [will] support a cause of action brought under § 1983.'" *Planned Parenthood,* 699 F.3d at 973 (quoting *Gonzaga,* 536 U.S. at 283). *Gonzaga* specifically addressed Spending Clause legislation, clarifying that "unless Congress 'speak[s] with a clear voice,' and manifests an 'unambiguous' intent to confer individual rights, federal funding provisions provide no basis for private enforcement by § 1983." *Gonzaga,* 536 U.S. at 280 (quoting *Pennhurst State Sch. and Hosp. v. Halderman,* 451 U.S. 1, 17, 28, n. 21 (1981)). *Gonzaga* also clarified that even federal statutes intended to benefit a particular class do not necessarily confer federal rights; falling within a federal statute's "general zone of interest" is insufficient. *Gonzaga,* 536 U.S. at 283. This is because Section 1983 provides a cause of action for deprivations of rights, not broader benefits or interests. *Id.*

3

The issue in this case is whether the FNHRA confers federal rights under the *Blessing–Gonzaga* standard articulated above. The parties do not appear to dispute that the third *Blessing* factor should be resolved in plaintiff's favor, so the court's discussion focuses on the remaining two.

First, the court must determine whether Congress intended the FNHRA to benefit the plaintiff. *Blessing,* 520 U.S. at 340. At first glance, it appears that Congress did, in fact, intend for the FNHRA to benefit nursing home residents such as plaintiff, when it passed statutory requirements that nursing homes must, for example, "attain or maintain [a resident's] highest practicable physical, mental, and psychological well-being" in order to receive certain federal funding. 42 U.S.C. § 1396r(b)(2). One can easily infer that when a nursing home facility complies with the statute, nursing home residents ultimately reap benefits.

However, the court is mindful that *Gonzaga* holds that falling within the statute's "general zone of interest" does not confer upon an individual a private right of action under the statute. 536 U.S. at 283. It is important to note that the FNHRA was specifically and consistently drafted in terms of what nursing facilities must do in order to receive government funding. *See* 42 U.S.C. § 1396r *et seq.* Generally speaking, "statutes that focus on the person regulated rather than the individuals protected create 'no implication of an intent to confer rights on a particular class of persons.'" *Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 377 (7th Cir. 2010) (quoting *Alexander v. Sandoval,* 532 U.S. 275, 289 (2001)).

Therefore, while the first factor weighs somewhat in favor of plaintiff, it does so insignificantly given the lack of clear statutory language to indicate that nursing home residents are more than simply individuals in the FNHRA's "general zone of interest," benefitting from what is otherwise a primarily funding-oriented piece of legislation. Several fellow district courts under the purview of the Seventh Circuit Court of Appeals came to a similar conclusion. *Fiers v. La Crosse Cnty.*, 132 F. Supp. 3d 1111, 1119 (W.D. Wis. 2015) (no private right of action because FNHRA focuses on facility regulation rather than articulating a right granted to the protected class); *Schwerdtfeger v. Alden Long Grove Rehab. & Health Care Ctr., Inc.*, No. 13–cv–8316, 2014 WL 1884471 (N.D. Ill. May 12, 2014) (no private right of action under FNHRA, because while statute derivatively benefits residents, statute's "focus [is] twice removed from the individuals who will ultimately benefit from the [statute]"); *Terry v. Health & Hosp. Corp. of Marion Cnty.*, No. 1:10-cv-00607-DML-JMS, slip op. at 16 (S.D. Ind. Mar. 29, 2012) (no private right of action because "FNHRA is couched in terms of what the state must require of a skilled nursing facility for its certification for participation in the federal Medicaid and Medicare programs").

The second *Blessing-Gonzaga* factor requires this court to consider whether the asserted right is "so vague and amorphous that its enforcement would strain judicial competence." *Planned Parenthood*, 699 F.3d at 972–73. None of the parties in this case pay particular attention to this factor in their briefing, least of whom plaintiff, who devotes a mere sentence to an analysis of the issue: "[N]one of [plaintiff's] allegations is sufficiently different from the kinds of issues courts deal with on a daily basis in many

5

other areas of law." (DE # 19 at 10.) The court disagrees, as the allegations contain indefinite terms such as "enhancement of quality of life" and "highest practicable physical, mental, and psychosocial well-being" (DE # 1), which other district courts in this circuit have found too vague and amorphous to support an argument for the existence of a private right of action under the FNHRA. *See, e.g., Terry,* No. 1:10-cv-00607-DML-JMS, slip op. at 19 ("quality of care standards Ms. Terry points to are not specific, but in fact express a generalized standard—attainment of "highest practicable well-being"); *Fiers,* 132 F. Supp. 3d at 1117 (allegations related to "maintenance or enhancement of his quality of life," "maintain[ance of] the highest practicable physical, mental, and psychosocial well-being," and "inadequate policies and plans of care to properly supervise and provide care for its residents" were so vague and amorphous that enforcement would strain judicial competence).

Further, the Seventh Circuit has held that a statutory provision similar to the FNHRA's general "quality of life" protections was insufficiently clear to confer a federal right in *Bruggeman ex rel. Bruggeman v. Blagojevich*, 324 F.3d 906 (7th Cir. 2003). In that case, the Seventh Circuit held that the portion of the Medicaid Act requiring state plans for medical assistance to provide care and services in the "best interests" of the recipients was "insufficiently definite to be justiciable, and in addition cannot be interpreted to create a private right of action, given the Supreme Court's hostility . . . to implying such rights in spending statutes." *Id.* at 911. Like the allegations related to the Medicaid Act provision at issue in *Bruggeman*, plaintiff's allegations related to the FNHRA require reading rights into the statute that would be so vague and amorphous

6

that enforcement would strain judicial competence. Thus, this factor weighs heavily in defendants' favor.

When balancing the *Blessing* factors, the court is mindful of the Supreme Court's admonishment that the court listen for Congress's "clear voice" in discerning a private right of action from statutory text, while keeping in sight the ultimate question of whether Congress unambiguously intended to confer a private right of action. *Gonzaga*, 536 U.S. at 283. As previously explained, the FNHRA was surely intended to benefit nursing home patients, but the indirect nature of this benefit renders the first *Blessing* factor's weight, in plaintiff's favor, rather insignificant. The second factor weighs heavily in defendant's favor, as the nature of the rights asserted are vague. Though the third factor – the mandatory nature of the statutory requirements – weighs in plaintiff's favor, it carries little weight, as the mandatory nature of statutory provisions seems inconsequential compared to the competing factors suggesting that a private right of action should not be inferred from vague Congressional statements regarding indirect beneficiaries in the first place. The *Blessing* factors, when weighted and compared with *Gonzaga* as a guiding principle, indicate that this court should not infer that Congress intended to create private right of action when it drafted the FNHRA. The same result was reached by other district courts in this circuit. *Fiers*, 132 F. Supp. 3d at 1119; *Schwerdtfeger*, 2014 WL 1884471, at *6; *Terry*, No. 1:10-cv-00607-DML-JMS, slip op. at 16.

Plaintiff urges this court to dismiss the holdings of its sister district courts, and instead to embrace the holdings of other circuits where a private right of action has been read into the FNHRA. *See, e.g., Grammer v. John J. Kane Reg'l. Ctrs.*, 570 F.3d 520 (3d

7

Cir. 2009); *see also Anderson v. Ghaly*, 930 F.3d 1066, 1075 (9th Cir. 2019). However, the court finds the reasoning employed by the district courts in *Fiels, Terry,* and *Schwerdtfeger* (especially when viewed in the context of *Bruggeman*) to be sound predictors of how the Seventh Circuit might rule on the issue. Accordingly, the court rejects plaintiff's argument that this court should adopt the non-binding precedent of other circuits.

### IV. CONCLUSION

For the foregoing reasons, the court concludes that the FNHRA does not confer federal rights and, accordingly, cannot support a cause of action under Section 1983. Therefore, defendants' motion to dismiss (DE # 14) is **GRANTED** and this case is **DISMISSED**.

                                          **SO ORDERED.**

Date: March 26, 2020

                                       s/James T. Moody
                                       JUDGE JAMES T. MOODY
                                       UNITED STATES DISTRICT COURT